IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BIOTRONIK, INC., an Oregon corporation, )
                                         )
                Plaintiff,           )      Civil Case No. 09-442-KI
                                           )
     vs.                             )     OPINION AND ORDER
                                           )
GUIDANT SALES CORPORATION, an    )
Indiana corporation,                   )
                                           )
                Defendant.       )
                                           )

         Sean Donahue
         Donahue & Associates
         One SW Columbia Street
         1625 Umpqua Bank Plaza
         Portland, Oregon 97258-2021

                Attorney for Plaintiff

         Nicholas L. Dazer
         Bullivant Houser Bailey PC
         300 Pioneer Tower
         888 SW Fifth Avenue
         Portland, Oregon 97204-2089

Robert L. Schnell
Martin S. Chester
Eileen M. Hunter
Faegre & Benson LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901

      Attorneys for Defendant

KING, Judge:

Plaintiff Biotronik and defendant Guidant Sales Corp. ("GSC") are competitor corporations distributing cardiac rhythm management ("CRM") devices, including pacemakers and defibrillators.  Pending before the Court are GSC's Motion to Dismiss (#20) and Biotronik's Motion for a Temporary Restraining Order (#21).  For the reasons stated below, I grant the Motion to Dismiss and deny as moot the Motion for a Temporary Restraining Order.

## BACKGROUND

Biotronik is an Oregon corporation and GSC is an Indiana corporation with its principal place of business in Minnesota.

On April 10, 2009, twelve employees left GSC to work for Biotronik.  The dispute involves several provisions in the agreements between the employees and GSC.  The main provision at issue reads as follows:

3.     NON-COMPETITION

During the term of employment and for a period of three hundred sixty five (365) days following the termination of employment with GSC for any reason, Employee shall not sell, solicit the sale of, support the sale of, support or supervise the sale or implantation or other use of, or otherwise have any involvement whatsoever with the sale, manufacturing, research and development, marketing or other business aspect of any Competitive Product with respect to any

GSC Account.  It is expressly understood that Employee may be employed by a competitor of GSC during the three hundred sixty-five (365) days following termination so long as such employment does not involve the prohibited actions specified above.

Employee shall not, for a period of three hundred sixty-five (365) days following the termination of employment with GSC for whatever reason, induce or attempt to induce any GSC employee to leave his or her employment with GSC.

The restrictions contained within Section 3 shall apply regardless of whether Employee acts directly or indirectly or whether Employee acts personally or as an employee, agent or otherwise for another.

Decl. of Marni DeHart in Supp. of Pl's. Mot. for Temp. Restraining Order, Agreement at 3.  The

agreements also contain a provision prohibiting the disclosure of, and requiring the return of,

confidential information.  Finally, the agreements contain a Minnesota choice of law clause and a

forum selection clause giving the Minnesota federal and state courts exclusive jurisdiction.

Biotronik filed this case in Clackamas County Circuit Court on April 14, 2009.  Biotronik

seeks a declaration that the twelve employees, and one additional former GSC employee also

now working for Biotronik, are in compliance with all of the "enforceable" restrictive covenants

contained in the agreements they signed while employed by GSC.  The former employees are not

named parties to the case.

Also on April 14, 2009, GSC filed an action in the United States District Court for the

District of Minnesota seeking damages from Biotronik and the twelve defecting employees for

breaching their employment agreements.  GSC alleges several employees breached their duty of

loyalty as well as their non-disclosure and non-solicitation agreements.  GSC also alleges that

Biotronik tortiously interfered with GSC's contract with its employees and aided and abetted the

employees' breach of their duty of loyalty to GSC.  Finally, GSC seeks a declaration that its non-

compete agreement with each of the twelve employees is valid and enforceable and that

Minnesota law applies.

On April 16, Biotronik and two of the former GSC employees named as defendants in the

Minnesota action filed suit in the United States District Court for the Northern District of

California against GSC seeking a determination about two of the twelve employment

agreements, asserting more than $75,000 was at issue. Biotronik requested that the court enjoin

GSC from imposing unlawful restrictions on the two employees, in violation of California public

policy. Biotronik sought a temporary restraining order, but GSC agreed to amend its complaint

in the Minnesota action and withdrew the non-competition claims against the California

residents. In exchange, Biotronik dismissed its California case without prejudice.

GSC removed this case from Clackamas County Circuit Court on April 22, 2009.

On April 29, Judge James Rosenbaum in the District of Minnesota entered a stipulated

Temporary Restraining Order and Order for Expedited Discovery; discovery is ongoing in that

case. The TRO requires Biotronik to return confidential information and prohibits Biotronik

from inducing the employees to solicit other GSC employees to leave. The employees are also

prohibited from disclosing or retaining confidential information and may not solicit current GSC

employees to leave.

At a June 18, 2009 hearing on these motions and on Biotronik's Motion to Remand, I

declined to remand this case to Clackamas County Circuit Court. Measuring the amount in

controversy by the value of the litigation, I concluded this Court has diversity jurisdiction.

///

///

Page 4 - OPINION AND ORDER

**DISCUSSION**

I.      GSC's Motion to Dismiss or Stay

GSC seeks to have this case dismissed or stayed under the first-to-file rule.  GSC filed its

Minnesota Complaint at 12:26 p.m. Pacific Time.  Biotronik sent GSC an e-mail at 3:42 p.m.

Pacific Time alerting GSC that it had filed this lawsuit.  The time-stamp on the Complaint,

however, reads 5:11 p.m. Pacific Time.

The first-to-file rule supports either the dismissal or a stay of this action.  The first-to-file

rule provides that when similar cases have been filed in different federal district courts, it is

within the court's discretion to dismiss the second filed action when it involves the same parties

and issues.  Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982).  The

parties and issues need not be exactly identical; there may be additional parties and the issues

need only be "substantially similar."  Barapind v. Reno, 225 F.3d 1100, 1109 (9th Cir. 2000)

(issues need not be identical); InterSearch Worldwide, Ltd. v. InterSearch Group, Inc., 544 F.

Supp. 2d 949 (N.D. Cal. 2008) (some parties the same as in the second matter).

Here, the parties and issues are substantially similar.  Biotronik and GSC are parties to

both actions and, although the employees who are parties to the Minnesota action are not named

here, this is sufficient to meet the test.  Additionally, the issues are substantially similar in that

both cases seek to determine the enforceability of the agreements.  Specifically, GSC seeks a

declaration in the Minnesota case that the agreements are valid and enforceable, while Biotronik

seeks a declaration in the Oregon case that the employees are complying with all enforceable

restrictions in the agreements.  Biotronik does not rely on any of the exceptions to the first-to-file

rule.  See Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 628 (9th Cir. 1991) (typically bad

faith, anticipatory suit, and forum shopping).

I recognize that rigid application of the first-to-file rule is not required, particularly where, as here, the cases were filed only a matter of hours apart.  Nevertheless, it is appropriate for this court to allow the Minnesota case to proceed for two reasons.  The Minnesota case involves more issues than the Oregon case and will more comprehensively resolve the dispute, whereas if the Oregon case proceeded, Biotronik would still have to defend some of the charges in the Minnesota action.  Second, the Minnesota action has progressed more quickly than this one–the parties have agreed to a TRO and discovery is underway.  In short, application of the first-to-file rule will promote the interest of judicial economy and avoid the possibility of conflicting judgments.

It is true, as Biotronik points out, that the Minnesota court could technically decline to consider a request for declaratory relief.  McGraw-Edison Co. v. Preformed Line Prods. Co., 362 F.2d 339, 343 (9th Cir. 1966) ("a declaratory judgment may be refused where it would serve no useful purpose or would not finally determine the rights of the parties[,] . . . or where it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein").  In an abundance of caution, I will stay the case rather than dismiss it.

II.    Biotronik's Motion for Temporary Restraining Order

Since I have stayed this case, I will deny as moot Biotronik's Motion for a Temporary Restraining Order.  The Minnesota court should resolve all substantive issues.

**CONCLUSION**

For the foregoing reasons, GSC's Motion to Dismiss or Stay (#20) is GRANTED.  This

Page 6 - OPINION AND ORDER

case is stayed pending a final decision in <u>Guidant Sales Corp. v. Fry, et al.</u>, No. 09-CV-00855

filed in the United States District Court for the District of Minnesota.  Biotronik's Motion for a

Temporary Restraining Order (#21) is DENIED as moot.


Dated this _____22nd_____ day of June, 2009.



/s/ Garr M. King
Garr M. King
United States District Judge

Page 7 - OPINION AND ORDER